Argued February 15, affirmed March 1, objection to cost bill
allowed March 21, 1956

## CLAYTON v. ALUMA-LOCK CORP.

294 P. 2d 333
294 P. 2d 1117

*Francis F. Yunker,* argued the cause for appellant. On the brief were Yunker, Fewless & Hannam, Portland.

*Norman N. Griffith* and *William L. Josslin,* Portland, argued the cause and filed a brief for respondent.

Before Tooze, Acting Chief Justice, and Lusk, Brand and Perry, Justices.

### PER CURIAM.

This was an action to recover damages for breach of warranty. The defendant corporation, which is in the roofing business, installed a new roof on plainitff's

residence. Before doing the work the defendant represented in writing to the plaintiff: "We will stand behind this roof for leaking, rusting or deterioration for the life of your home." Plaintiff alleged in her complaint that the roof leaked, and that as a result the house and furnishings were damaged. She sued for $2,850, and the jury returned a verdict in her favor for $500 general damages and $775 special damages. Defendant appeals, assigning as error the court's denials of its motions for a nonsuit and a directed verdict.

The grounds of these motions were that there was no evidence of breach of warranty and that the damages proven were speculative. The evidence was in conflict, but there was sufficient evidence to justify the jury in finding that the roof put on the house by the defendant leaked and caused the damage complained of. There was no error in the rulings. No new or disputed question of law is involved and nothing would be gained by a discussion of the evidence.

The judgment is affirmed.

**ON OBJECTION TO COST BILL**

On Appellant's Objection to Cost Bill

Norman N. Griffith and William L. Josslin, Portland, for respondent.

Francis L. Yunker, Portland, for appellant.

PER CURIAM.

Respondent's cost bill includes an item reading "Respondent's printed brief, 35 pages including cover, at $2.00 per page under old rule 19 - - - $70.00." This is followed by a note explaining that the brief was printed by electric typewriter, and that "printing" is defined in Webster's New International Dictionary in part: "Act, art, or practice of impressing letters, characters, or figures on paper, cloth, or other material * * *."

The appellant has objected to the item on the ground that no printed brief was ever filed by the respondent. Rule 19, § 2, in effect at the time the appeal was taken, provided that the party awarded costs was entitled "to recover *actual cost* of printing his * * * brief * * * in the sum of not more than $2.00 a page." (Italics added.) On July 13, 1954, the respondent moved the court for leave "to file herein typewritten briefs," supporting the motion by her affidavit in which she said among other things, "to require me to pay an estimated $60.00 to $75.00 printing costs for respond-

ent's briefs would be an excessive and heavy burden upon the slender financial resources upon which I will have to rely in the near future,'' etc. She concluded her affidavit by saying that it was made in support of her motion ''for leave to file with the Court typewritten briefs in my behalf.'' An order was entered allowing her motion, and the respondent's typewritten brief was filed in pursuance of the leave thus granted. The rules of this court recognize the distinction between printed and typewritten abstracts and briefs. Rule 11, § 2, prescribed ''If permission be granted to file typewritten abstract or brief, such abstract or brief shall be clearly and legibly typed on white paper, legal size, with double space between the lines of typing.'' Rule 15 contained printing specifications. It provided ''All abstracts and briefs shall be printed upon antique ledger paper or an equivalent unglazed paper which can be written upon with pen and ink.'' The rule then proceeded to prescribe the kind of type, the size of the page, and the margins in language applicable only to the printing art.

Even though it be true that a dictionary definition of ''printing'' may be found broad enough to include typing on a typewriter, electric or otherwise, we had not supposed that there was any member of the bar who thought that the rules of this court touching the allowance of costs for printing briefs covered typewritten briefs. Obviously, neither the respondent nor her counsel entertained any such notion at the time that they applied to the court for leave to file a typewritten brief in order to save the cost of printing.

The objection to the cost bill is allowed.